# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>**ANTONIO DE LA VEGA MAURI**<br>**ROSELIA ROMAN VELAZQUEZ**<br><br>Debtors | Case No. 11-00239 (SEK)<br><br>Chapter 13<br><br>**CONFIRMATION HEARING:** |

## SECURED CREDITOR'S OBJECTION TO CONFIRMATION OF PLAN
## DATED JANUARY 15, 2011

TO THE HONORABLE COURT:

BY COUNSEL, secured creditor RNPM, LLC ("RNPM"), by and through Operating Partners Co., Inc. as attorney-in-fact and servicing agent, respectfully REQUESTS and PRAYS as follows:

1. Secured creditor RNPM, LLC is the holder of a mortgage over debtor's residence and objects to the confirmation of debtor's Chapter 13 Plan dated January 15, 2011 (Dkt. Entry No. 2) based on the following grounds:

   a. Debtors have fallen into post-petition payment arrears on the mortgage. Debtor has failed to remit the regular monthly mortgage payments due post-petition, in the amount of $1,449.27 per month. Debtors owe the month of March 2011. Debtors therefore are not complying with the terms of the proposed plan in the pre-confirmation period.

   **This factor calls into question the feasibility of the plan as proposed.**

   b. Debtors' plan also fails to provide for the payments of attorney's fees of appearing creditor as awarded in the local court of $24,500.00. RNPM is the holder of a final and firm Judgment of foreclosure against debtor as issued by the Court of First

Instance, Bayamon chambers, in case no. DCD2008-2378, as issued on November 10, 2008. This claim is a secured claim. See proof of claim no. 4 on file herein.

**As a result, the plan is inadequately funded.**

2. Section 1322(b)(5) of the Bankruptcy Code, 11 U.S.C.A. § 1322(b)(5), requires a Chapter 13 debtor to "provide for the curing of any default within a reasonable time <u>and maintenance of payments while the case is pending</u> on any unsecured claim or <u>secured claim</u> on which the last payment is due after the date on which the final payment under the plan is due."

3. In order for the plan to be confirmable the Debtor must be able to meet the terms of the proposed plan, particularly when it comes to making all the payments required therein. 11 U.S.C.A. § 1325(a)(6).

4. Ultimately, Debtors have the burden of proof and persuasion for the confirmation of the Chapter 13 plan under the statutory requirements of 11 U.S.C.A. § 1325. <u>In re McNichols</u>, 254 B.R. 422 (Bankr. N.D. Ill. 2000).

5. In light of the above, RNPM submits that there is cause to deny the confirmation of the Chapter 13 Plan pursuant to 11 U.S.C.A. § 1325(a)(1), (3), and (6).

WHEREFORE, RNPM requests this Honorable Court to take note of the foregoing, and consequently, DENY the confirmation of the Chapter 13 Plan dated January 15, 2011 as proposed by the Debtors.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 21st day of March, 2011.

CERTIFICATE OF SERVICE: I hereby certify that on this date I have filed a true and exact copy of the foregoing with the Court using the CM/ECF system, which will send notification of such filing to all parties of record, including counsel for the Debtor.

**O'NEILL & GILMORE, P.S.C.**

Attorneys for Operating Partners
Edif. Citibank Towers
252 Ave. Ponce de León, Suite 1701
San Juan, Puerto Rico  00918-2019
E-mail: jpr@go-law.com
Tel.  (787) 620-0670 / Fax.  (787) 620-0671

s/ *Charles P. Gilmore*
Charles P. Gilmore, Esq.
USDC No. 209614